UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15-1433<br>) |
| WILLIAMS BROTHERS CONSTRUCTION, INC., THE PIPCO COMPANIES, LTD., BITUMINOUS CASUALTY CORPORATION, and JAMES GOFF, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Motions to Dismiss [12] [23] by Defendants Williams Brothers Construction, Inc. and James Goff. For the reasons set forth below, Defendants' Motions are Granted and the Action is Dismissed.

### Background

This declaratory judgment action was initiated by Hartford Fire Insurance Company ("Hartford") against Defendants Williams Brothers Construction Company, Inc. ("Williams Brothers"), The Pipco Companies, Ltd. ("Pipco"), Bituminous Casualty Corporation n/k/a Bitco General Insurance Corporation ("Bitco"), and James Goff. Hartford is an insurance company organized under the laws of Connecticut that does business in Illinois. Williams Brothers is a Delaware corporation with its principal place of business in Peoria, Illinois. Bitco is an insurance company formed under the laws of the state of Illinois with its principal place of business in Illinois. Pipco is a Delaware corporation with its principal place of business in Peoria, Illinois. Goff is a resident and citizen of Illinois residing in this district.

1

The events giving rise to this action took place at the Electrical and Computer Engineering Building in Urbana, Illinois. Williams Brothers was the general contractor responsible for making repairs to the building. While working on the building, Williams Brothers removed a section of the roof above a stairwell. Williams Brothers also contracted with Pipco to provide plumbing and fire suppression work in the building. The contract with Williams Brothers required that Pipco obtain insurance coverage with at least a $1,000,000 liability limit, and that Pipco name Williams Brothers as an additional insured. The terms of the contract further required that Pipco release, hold harmless, defend and indemnify Williams Brothers in certain situations. Hartford issued a policy to Pipco effective January 1, 2012, through January 1, 2013, meeting those requirements. James Goff was working as an employee for Pipco on December 12, 2012, when he slipped on ice that had accumulated as a result of section of roofing removed by Williams Brothers. Goff filed suit against Williams Brothers in the Circuit Court of Champaign County on December 11, 2014, alleging that Williams Brothers' negligence caused his injuries. *James Goff v. Williams Brothers Construction Company, Inc.*, Case No. 2014-L-205.

On August 31, 2015, Williams Brothers filed a declaratory judgment action against Hartford, Pipco and Goff in the Circuit Court of Madison County, Illinois. *Williams Brothers v. Hartford et. al.*, Case No. 15-MR-219. An amended complaint was filed on November 20, 2015, in order to correctly name Hartford Fire Insurance Company. The state declaratory judgment action asks the court to determine whether Hartford has a duty to defend and indemnify Williams Brothers under the Hartford policy for injuries claimed by Goff in the Champaign County lawsuit.  On January 6, 2016, Hartford filed a motion to dismiss, presumably for improper or inconvenient venue. *Id.*

On October 22, 2015, Hartford filed this declaratory judgment action against Williams Brothers, Pipco, Goff, and Bitco. Hartford's Complaint asks this Court to determine the same issue presented to the Madison County court—whether Hartford has a duty to defend and indemnify Williams Brothers in connection with the underlying Champaign County lawsuit filed by Goff. Bitco, Williams Brothers' insurer, is a party to this action but not the state court actions. Defendants Goff and Williams Brothers move to dismiss Hartford's Complaint, arguing that this Court should dismiss Hartford's claims under the *Wilton/Brillhart* abstention doctrine because this case is parallel to the ongoing Madison County case and the relief requested is solely discretionary and based on Illinois law. Hartford responds that abstention is improper because Bitco is not a party to the state case, Madison County is an improper or inconvenient forum, and this Court is better positioned to quickly resolve the dispute.

**Analysis**

District courts have "significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). While frequently referred to as the *Wilton/Brillhart* abstention doctrine, the source of a court's power to stay or dismiss a declaratory judgment action stems not from a judicially-made doctrine, but rather from the discretionary language of the Declaratory Judgment Act itself. *Secura Ins. Co. v. Plumb*, 2014 WL 1245441 at *1 (C.D. Ill. Mar. 26, 2014); *Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010); 28 U.S.C. § 2201(a). Although "[t]here is no set criteria for when a court should exercise its discretion to abstain," the Seventh Circuit has explained that "the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision*, 604 F.3d at 986. The inquiry into whether to

3

abstain in declaratory judgment suits arising under state law is distinct from abstention in other contexts, and the text of the Declaratory Judgment Act "justif[ies] a standard vesting district courts with greater discretion . . . than permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

Two actions are said to be parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id*. However, strict identity between the parties or issues is neither necessary nor sufficient for a district court to justify abstention. Rather, the court's inquiry should focus on "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Relevant factors to this inquiry include: (a) the scope of the pending state court proceeding and the nature of defenses open there, (b) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, (c) whether necessary parties have been joined, (d) whether such parties are amenable to process in that proceeding, and (e) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation. See *Brillhart*, 316 U.S. at 495; *Nationwide Ins. V. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

Looking to the first factor, Hartford's declaratory action and Williams Brothers' state court declaratory action present identical legal issues—whether Hartford has a duty to defend and indemnify Williams Brothers in connection with the claims against it in the *Goff* suit. Additionally, this federal action and the Madison County action consist of "substantially the same parties." Hartford relies on the fact that Bitco, Williams Brothers' insurer, is named as a

4

defendant in this action but not in the Madison County proceeding. However, "[t]he question is not whether the suits are formally symmetrical, but whether there is a 'substantial likelihood' that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

At issue both here and in the Madison County case is whether Hartford owes a duty to defend and indemnify Williams Brothers in the *Goff* case. Resolution of that question by Madison County would thus dispose of all claims—indeed, the only claim—in this Court. Hartford contends "the absence of coverage claims against [Bitco] in the State Court Action demonstrates that the State Court Action is not 'parallel' to the federal declaratory judgment action." That argument is unconvincing. Hartford does not assert any coverage claims against Bitco in this federal action, either. Rather, Bitco is joined "solely as an interested party to be bound by the judgment herein." The fact that Bitco is not a party to the underlying action "does not determine the outcome of the Court's analysis of the two proceedings." *Travelers Property Cas. Co. of America v. Rogan Shoes Inc.*, 2011 WL 2637257 at *2 (N.D. Ill. July 6, 2011) (*aff'd as modified sub nom.*, 689 F.3d 714 (7th Cir. 2012)). Because Bitco's presence or absence in the state case does not change the "substantial likelihood that the state court litigation will dispose of all claims presented in the federal case," the Court finds that the two actions are parallel. *Id.*, quoting *Envision*, 604 F.3d at 987.

The second and third factors in the abstention analysis—whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined—are closely related and will be discussed together. Although Illinois courts are undoubtedly more familiar with Illinois civil procedure, the Court finds that multiple reasons support a finding that the second and third factors weigh in favor of abstention. First, Williams

5

Brothers' declaratory judgment action against Hartford can be satisfactorily adjudicated in the Madison County proceeding. Bitco's presence or absence in that suit does not alter the determination of whether Hartford owes insurance coverage obligations to Williams Brothers.

Second, Hartford does not claim that Bitco could not be brought into the Madison County case. Under the Illinois Rules of Civil Procedure, multiple avenues exist to join Bitco as a party to the suit. For example, the court may direct a party to be brought in if "a complete determination of a controversy cannot be had" without them (735 ILCS 5/2-406) at any stage of the cause (735 ILCS 5/2-407); a defendant can file a third-party complaint either within the time for filing an answer or by leave of court to bring in a party to the action (735 ILCS 5/2-406(b)); or Bitco could choose to intervene (735 ILCS 5/2-408). Thus, assuming arguendo that Bitco's presence in the Madison County case is required for a satisfactory adjudication of the claim, Hartford has not provided any indication that Bitco could not be brought in, or that Hartford has made any attempt to do so.

In Illinois, a party is necessary in a lawsuit where its presence is required "in order to: (1) protect an interest which the absentee has in the subject matter which would be materially affected by a judgment entered in his absence; (2) reach a decision which will protect the interests of those who are before the court; or (3) enable the court to make a complete determination of the controversy." *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 563 (2009). Thus, if Bitco has an interest that would be affected by its absence, it could intervene; if Hartford feels that joining Bitco would protect its interest, Hartford could join Bitco as a defendant; and if the court finds that Bitco is necessary in order to make a complete determination, the court may join them to the suit.

Third, if Bitco is in fact a necessary party, its presence in the Madison County case may nevertheless be unnecessary because Bitco's interests in that suit are adequately represented by Williams Brothers. See *State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 550, 914 N.E.2d 577, 581 (2009) ("Illinois law excuses the presence of a necessary party where that party is represented by others in the suit that give the absent party's interest actual and efficient protection."). The unity of interest between Williams Brothers and Bitco in the underlying Madison County suit is readily apparent. For instance, Hartford's Response notes that "given [Bitco's] tenders of Williams Brothers' defense, Hartford believes that [Bitco] is bankrolling the Madison County case for Williams Brothers." Additionally, Williams Brothers' position in the Madison County case, that Hartford owes them insurance obligations, is identical to the position Bitco would take. In *Preferred America Ins. v. Dulceak*, an Illinois appellate court explained when an insured and his insurer are in privity, "[t]he party to be indemnified, moreover, is, manifestly, directly interested in having him defeat all recovery in such suit, and so their respective interests and duties in respect of such suit must be the same." 302 Ill. App. 3d 990, 996 (1999). Again, Bitco and Williams Brothers' interests in the Madison County case are the same. Thus, whatever concern Hartford has as to Bitco's absence in the Madison County suit can be obviated by joining Bitco as a party, and even without doing so Bitco may still be estopped from relitigating the issue.

The fourth factor, whether the parties are amenable to process in the state court proceeding, also weighs in favor of abstention. Although Hartford states that not all parties in the Madison County suit have been served, no argument is made that the state court lacks jurisdiction over the parties.

The fifth factor in the abstention analysis, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, likewise favors abstention. The Madison County case presents the same issue as presented here. This Court is in no better position than the Madison County court to clarify the legal obligations and relationships among the parties. Although Hartford argues that this Court is best positioned to quickly resolve the case, the question of indemnity is premature until a judgment is entered in the underlying *Goff* case. See *Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150, 163 (Ill. 1987) (duty to indemnify does not arise until insured becomes obligated to pay damages in underlying action and policy actually covers insured's conduct). The only issue that is ripe for determination is whether Hartford has a duty to defend Williams Brothers. That determination is based on the allegations of the complaint, and does not depend on extensive review of the facts in the underlying case. *Zavalis*, 52 F.3d at 693-94.

Hartford also argues that Madison County is an improper or inconvenient forum, and that it has filed a motion to dismiss with that court challenging venue. If Hartford is indeed correct, the action will not be dismissed so long as there is another proper venue to which the case may be transferred. 735 ILCS 5/2-104. Moreover, transferring venue would alleviate Hartford's concerns about Madison County's caseload and efficiency.

The Declaratory Judgment Act gives the Court discretion to abstain from declaratory judgment actions when a parallel state court proceeding is ongoing. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). This Court finds that the factors stated above weigh in favor of abstaining. Therefore, Defendants' motions are granted, and this action is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Motions are Granted and this Action is Dismissed without prejudice.

Entered this 24th day of February, 2016

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge